UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MYRTLE BOYD, KIMBERLY MCBRIDE,
CHARLES MOORE, and GERALDINE MILLER,

Plaintiffs,

-against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTIONS, PROSECUTOR
JOHN DOE, Detective PAUL STRAFACI, P.O. PAUL FARELLA,
and Police Officers JOHN DOE # 1 through 10(names being fictitious and
currently unknown) of the NEW YORK CITY POLICE DEPARTMENT,

Defendants.

-------------------------------------------------------------X

DOCKET NO._____

**C 09 1477**

**COMPLAINT**

**Plaintiffs Demand a Jury Trial**

**AMON, J.**

**POHORELSKY, M.J.**

Plaintiffs, by their attorney, **GARY N. RAWLINS**, as and for their Amended

Complaint respectfully allege, upon information and belief:

## PLAINTIFF MYRTLE BOYD'S CLAIM

1.      This is a civil litigation action seeking damages against each of the Defendants for

committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution

and laws of the United States, including Plaintiff's Fourth, Fifth and Sixth Amendment rights.

On or about April 28, 2006, Defendants City of New York, New York City Department of

Corrections, Prosecutor John Doe, Detective PAUL STRAFACI and Police Officer PAUL

FARELLA, Police Officers JOHN DOE # 1 through 10, while acting in their capacities as

officers of the City of New York, unlawfully and improperly arrested Plaintiff, caused Plaintiff

to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby

depriving Plaintiff of her liberty without due process of law and depriving Plaintiff of her rights,

privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the

Constitution of the United States. The Court has jurisdiction over this action under 42 U.S.C. §

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for the violation of her civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

2.      Plaintiff **MYRTLE BOYD** at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

3.      At all times mentioned herein, Defendant **CITY OF NEW YORK  ("NYC")** was and still is a domestic municipal corporation, created, organized and existing under by virtue of the laws of the State o New York.

4.      At all times mentioned herein, Defendant **CITY OF NEW YORK DEPARTMENT OF CORRECTIONS ("NYCDOC"),** was and still is a municipal agency, created, organized and existing under by virtue of the laws of the State of New York.

5.      At all times mentioned herein, Defendant **PROSECUTOR JOHN DOE** was and still is a resident of the County of Kings, and State of New York.

6.      At all times mentioned herein, Defendants Detective **PAUL STRAFACI** and Police Officer **PAUL FARELLA** was and still is a resident of County of Kings in the State of New York.

7.      At all times herein mentioned, Defendants **NYC, NYCDOC, PROSECUTOR JOHN DOE,** Defendant Detective **PAUL STRAFACI** and Police Officer **PAUL FARELLA,** stood in such a relationship with each other in providing law enforcement services as to make each liable for the acts and omissions of the others.

2

8.      Defendants **NYC** are vicariously liable for the acts of defendants **PROSECUTOR JOHN DOE,** Dtective **PAUL STRAFACI** and defendant Police Officer **PAUL FARELLA.**

9.      Defendants **NYCDOC** are vicariously liable for their acts.

10.     At all times herein mentioned, Defendants Detective **PAUL STRAFACI** and Police Officer **PAUL FARELLA** are employed by the New York City Police Department, and at all times material to the complaint, this Defendants acted toward Plaintiff **MYRTLE BOYD** under color of statues, ordinances, customs and usage of the State of New York, City of New York, County of New York and The New York City Police Department.

11.     This action is commenced within one (1) year and ninety (90) days from April 28, 2006, the date of the incident.

12.     Plaintiff sues all Defendants in their individual capacities.

13.     On our about April 28, 2006, sometime after 6:00 am, Plaintiff **MYRTLE BOYD** was sleeping at her residence located at 28 West 9th Street, Apt. 4A, Brooklyn, NY 11231, County of Kings, State of New York. Plaintiff woke up to the sound of her door being broken down by several NYPD officers. Plaintiff was then handcuffed and questioned. She was the only person at her residence. At this time or any other time, Plaintiff was not read her Miranda rights; and was arrested, taken from the scene of wrong charge, i.e. in plain and public view, in broad daylight to a police vehicle parked in front of the premises at the aforementioned location; then driven to One Police Plaza.

14.     At this time or at any time, Plaintiff **MYRTLE BOYD** was wrongfully, maliciously, unlawfully, and unjustifiably held under arrest, deprived of her liberty, imprisoned, and falsely charged.

15.     Defendants, their officers, agents, servants and/or employees were responsible for Plaintiff's arrest, detention and imprisonment during the period from April 28, 2006 to May 1, 2006.

3

16.     Throughout the period of Plaintiff **MYRTLE BOYD's** imprisonment, Defendants, their officers, agents, servants and employees, refused to give Plaintiff an opportunity to establish her innocence.

17.     Defendants Detective **PAUL STRAFACI** and Police Officer **PAUL FARELLA** intended to and did in fact confine Plaintiff, and physically prevented her from leaving their custody and kept her under his supervision without access to freedom, family and home.

18.     Plaintiff **MYRTLE BOYD** was conscious of her unlawful arrest, detention and imprisonment and did not consent to the confinement.

19.     At all times, the unlawful, wrongful and false arrest and imprisonment of Plaintiff was without right to privilege, unjustified, and without probable cause.

20.     At no time did Defendants or their officers, agents, servants, employees, and/or departments have a warrant or other legal process for the arrest, detention or imprisonment of Plaintiff **MYRTLE BOYD.**

21.     On or abut the time of Plaintiff's unlawful arrest criminal charges were brought against her and those same charges were later dismissed, but only after Plaintiff made appearance in court and was forced to retain a lawyer.

22.     At all times, the false, unlawful, and improper arrest and imprisonment of Plaintiff **MYRTLE BOYD** was forcible and against her will.

23.     All of the foregoing occurred without fault or provocation on the part of Plaintiff **MYRTLE BOYD.**

24.     As consequences of Defendants' wrongful actions, negligent behavior, and violation of New York and common laws, Plaintiff **MYRTLE BOYD** was:

    a)  deprived of her freedom;

    b)  incarcerated and suffered for three days;

c) the subject of great fear, terror, personal humiliation, degradation, ridicule and disgrace;

d) the subject to great physical, mental, and emotional distress, suffering and harm, resulting in the need to seek professional counseling for the trauma she incurred;

e) prevented from attending to her necessary affairs in business during the period of her detention;

f) permanently impaired as to her earning ability;

g) required to incur substantial bills for legal services rendered, and was otherwise injured and damaged;

h) discredited in the minds of many members of the community, having her personal reputation and character injured; and

i) Plaintiff continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

25. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable and flagrant disregard of Plaintiff's rights, privileges, welfare and well-being and were guilty of egregious and gross misconduct toward her.

26. Plaintiff **MYRTLE BOYD** made numerous appearances in court and was forced to retain a lawyer. Plaintiff case was dismissed and all charges against Plaintiff were dismissed in the interest of justice.

27. By reason of the foregoing, Plaintiff **MYRTLE BOYD** sustained damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR VIOLATION OF HIS RIGHT TO BE FREE
### FROM UNREASONABLE SEARCHES AND SIEZURES
### UNDER THE 4th AND 14th AMENDMENTS TO THE U.S. CONSTITUTION

28.    Plaintiff **MYRTLE BOYD** repeats and re-alleges each and every allegation set forth above with same force and effect as if set forth at length herein.

29.    With the employment of assault, excessive use of force, battery, and false arrest and imprisonment, Defendants, individually and/or vicariously, subjected Plaintiff **MYRTLE BOYD**, a citizen of the United States, to deprivations of her rights, privileges and immunities secured by the Constitution of the United States. Plaintiff sustained deprivations of her personal liberty, invasions of her privacy, and violations of her civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in her person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of her character and reputation, was prevented from attending to her usual duties, all to her damage in the sum of $3,000,000.00 (THREE MILLION DOLLARS) and exemplary damages in the punitive amount of $5,000,000.00 (FIVE MILLION DOLLARS).

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR THE VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE
### FROM MALICOUS PROSECUTION
### UNDER THE 4th AMENDMENT TO THE U.S. CONSTITUTION

30.   Plaintiff repeats each and every allegation set forth above with the same force and effect as if set forth herein.

31.   Defendants instituted criminal process against Plaintiff **MYRTLE BOYD** with malice:

a.   Defendants **NYC, PROSECUTOR JOHN DOE and DETECTIVE PAUL STRAFACI and P.O. PAUL FARELLA** played an active part in the initiation of the criminal proceedings.

32. The charges were not based upon probable cause, that is, the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff **MYRTLE BOYD** was guilty.

33. The criminal proceeding terminated in favor of Plaintiff **MYRTLE BOYD** when the court dismissed the charges.

34. The aforementioned use of force caused immediate serious injury in the form of pain, suffering, shock, fright, humiliation, embarrassment and deprivation of Plaintiff's constitutional rights.

35. As a result of the foregoing, Plaintiff has been damaged in the amount of $3,000,000.00 (THREE MILLION DOLLARS).

<u>**AS AND FOR A THIRD CAUSE OF ACTION**</u>
<u>**FOR FAILURE TO INTERVENE**</u>
<u>**TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS**</u>

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

37. As a result of the above actions, Defendants **NYC and NYCDOC** individually, and/or vicariously, by and through its agents, servants and /or employees, particularly **PAUL STRAFACI, PAUL FARELLA** and **PROSECUTOR JOHN DOE,** failed to intervene to prevent or end the unlawful conduct inflicted upon Plaintiff.

38. As a result of the foregoing, Defendants **NYC** and **NYCDOC** individually and and/or vicariously by and through their agents servants and/or employees, **PAUL STRAFACI, PAUL FARELLA** and **PROSECUTOR JOHN DOE,** displayed a deliberate indifference to Plaintiff's rights to be free from unreasonable searches and seizures and from the excessive use of force.

39.     As a result of the foregoing, Defendants **NYC** and **NYCDOC** individually and/or vicariously by and through their agents servants and/or employees, **PAUL STRAFACI, PAUL FARELLA and PROSECUTOR JOHN DOE,** acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to Plaintiff's rights and physical well being.

40.     As a result of the foregoing, Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

41.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

42.     On or about April 28, 2006, Defendants **PAUL STRAFACI,** and **PAUL FARELLA** wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff **MYRTLE BOYD,** depriving Plaintiff of her liberty. Defendant's acts were committed under color of law.

43.     Plaintiff was aware of said confinement and did not consent to it.

44.     By reason of Defendant's actions, Plaintiff was deprived of her liberty and was otherwise greatly injured.

45.     Consequently, Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR AN FIFTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

47.  By assaulting the Plaintiff, Defendants **PAUL STRAFACI**, **PAUL FARELLA** and **PROSECUTOR JOHN DOE** engaged in extreme and outrageous conduct that caused Plaintiff mental and emotional distress.

48.  Consequently, Plaintiff **MYRTLE BOYD** was damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**FOR PUNITIVE DAMAGES**

49.  Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs.

50.  Defendants' acts were reckless, willful, outrageous and outside the bounds of conduct tolerated in a civil society.

51.  Plaintiff **MYRTLE BOYD** demands punitive damages in the amount of SIX MILLION ($6,000,000.00) DOLLARS.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**AGAINST DEFENDANT PROSECUTOR JOHN DOE**
**FOR VIOLATING PLAINTIFF'S CIVIL RIGHTS**

52.  Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

53.  Defendant **PROSECUTOR JOHN DOE** committed the aforementioned acts under color of law, depriving Plaintiff **MYRTLE BOYD** of rights secured by the Constitution and laws of the United States, including Plaintiffs' Fourth, Fifth and Sixth Amendment rights.

54.  Defendant **PROSECUTOR JOHN DOE** unlawfully and improperly arrested Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving the Plaintiff of her liberty without due process of law and deprived Plaintiff of her rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

55. Consequently, Defendant **PROSECUTOR JOHN DOE** caused, permitted and allowed Plaintiff **MYRTLE BOYD** to sustain damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

**AS AND FOR A EIGHTH CAUSE OF ACTION
AGAINST DEFENDANT POLICE OFFICER PAUL FARELLA
FOR VIOLATING PLAINTIFF'S CIVIL RIGHTS**

56. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

57. Defendants **PAUL STRAFACI** and **PAUL FARELLA** committed the aforementioned acts under color of law depriving Plaintiff **MYRTLE BOYD** of rights secured by the Constitution and laws of the United States, including Plaintiffs' Fourth, Fifth and Sixth Amendment rights.

58. Defendants **PAUL STRAFACI** and **PAUL FARELLA** unlawfully and improperly prosecuted Plaintiff **MYRTLE BOYD**, used excessive force on Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving the Plaintiff of her liberty without due process of law and deprived Plaintiff of her rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

59. Consequently, Defendants **PAUL STRAFACI** and **PAUL FARELLA** caused, permitted and allowed Plaintiff **MYRTLE BOYD** to sustain damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff **MYRTLE BOYD** demands:

A.     Judgment awarding damages against each and every Defendant in the FIRST CAUSE and SECOND CAUSE OF ACTION in the sum of $3,000,000.00 (THREE MILLION

DOLLARS) and exemplary damages in the punitive amount of $6,000,000.00 (SIX MILLION DOLLARS);

B.    Judgment against each and every Defendant on each individual cause of action in the SECOND through SIXTH CAUSES OF ACTION in the amount of THREE MILLION DOLLARS ($3,000,000.00).

C.    Judgment against Defendant **PROSECUTOR JOHN DOE** on the SEVENTH CAUSE OF ACTION in the amount of ($3,000,000.00) THREE MILLION DOLLARS;

D.    Judgment against Defendants **PAUL STRAFICE and PAUL FARELLA** on the EIGHTH CAUSE OF ACTION in the amount of ($3,000,000.00) THREE MILLION DOLLARS;

E.    Interest, attorney fees, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

## PLAINTIFF CHARLES MOORE'S CLAIM

1.    This is a civil litigation action seeking damages against each of the Defendants for committing acts under color of law, and depriving Plaintiff **CHARLES MOORE** of rights secured by the Constitution and laws of the United States, including Plaintiff's Fourth, Fifth and Sixth Amendment rights.  On or about April 28, 2006, Defendants City of New York, New York City Department of Corrections, Prosecutor John Doe, and P.O. John Doe, while acting in their capacities as officers of the City of New York, unlawfully and improperly arrested Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving Plaintiff of his liberty without due process of law and depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. Plaintiff seeks

declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for the violation of his civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

3.     The Plaintiff, **CHARLES MOORE**, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

3.     At all times mentioned herein, Defendant **CITY OF NEW YORK  ("NYC")** was and still is a domestic municipal corporation, created, organized and existing under by virtue of the laws of the State o New York.

4.     At all times mentioned herein, Defendant **CITY OF NEW YORK DEPARTMENT OF CORRECTIONS ("NYCDOC"),** was and still is a municipal agency, created, organized and existing under by virtue of the laws of the State of New York.

5.     At all times mentioned herein, Defendant **PROSECUTOR JOHN DOE** was and still is a resident of the County of Kings, and State of New York.

6.     At all times mentioned herein, Defendant **POLICE OFFICER JOHN DOE** was and still is a resident of County of Kings, State of New York.

7.     At all times herein mentioned, Defendants **NYC, NYCDOC, PROSECUTOR JOHN DOE, and** Defendant **P.O. JOHN DOE** stood in such a relationship with each other in providing law enforcement services as to make each liable for the acts and omissions of the others.

8.     Defendants **NYC** are vicariously liable for the acts of defendants **PROSECUTOR JOHN DOE and** Defendant **P.O. JOHN DOE.**

9.    Defendants **NYCDOC** are vicariously liable for their acts.

10.    At all times herein mentioned, Defendant **P.O. JOHN DOE** was a police officer employed by the New York City Police Department, and at all times material to the complaint, this Defendant acted toward Plaintiff **CHARLES MOORE** under color of statues, ordinances, customs and usage of the State of New York, City of New York, County of New York and The New York City Police Department.

11.    This action is commenced within one (1) year and ninety (90) days from April 28, 2006, the date of the incident.

12.    Plaintiff sues all Defendants in their individual capacities.

13.    On our about April 28, 2006, sometime after 6:00 am, Plaintiff **CHARLES MOORE** was lawfully at 28 West 9th Street, Brooklyn, New York 11231 coming from seeing his daughter. Plaintiff stopped and talked to a woman and her son, when he was approached by **NYPD** officers and asked if he goes by the name of "Fat Back." He denied that he was called by that name. Plaintiff heard a motor vehicle approaching and tried to move back but Defendant **NYPD** officers grabbed Plaintiff and caused Plaintiff to get hit by the motor vehicle. After Plaintiff was knocked to the ground by the motor vehicle, Defendant **NYPD** officers proceeded to assault Plaintiff. Plaintiff was then forcefully, although he did not resist, handcuffed and kept against his will, and was not read his Miranda rights. Thereafter, Plaintiff was arrested, taken from the scene of wrong charge, i.e. in plain and public view, in broad daylight, to a police vehicle parked in front of the premises at the aforementioned location, then driven to One Police Plaza.

14.    At this time or at any time, Plaintiff, **CHARLES MOORE** was wrongfully, maliciously, unlawfully and unjustifiable held under arrest, deprived of his liberty, imprisoned, and falsely charged.

15.   Defendants, their officers, agents, servants and/or employees were responsible for Plaintiff's arrest, detention and imprisonment during the period from April 28, 2006 to May 1, 2006.

16.   Throughout the period of Plaintiff **CHARLES MOORE's** imprisonment, Defendants, their officers, agents, servants and employees refused to give Plaintiff an opportunity to establish his innocence.

17.   Defendant **P.O. JOHN DOE** intended to and did in fact confine Plaintiff, and physically prevented him from leaving his custody and kept him under his supervision without access to freedom, family and home.

18.   Plaintiff **CHARLES MOORE** was conscious of his unlawful arrest, detention and imprisonment and did not consent to the confinement.

19.   At all times, the unlawful, wrongful and false arrest and imprisonment of Plaintiff was without right to privilege, unjustified, and without probable cause.

20.   At no time did Defendants or their officers, agents, servants, employees, and/or departments have a warrant or other legal process for the arrest, detention or imprisonment of Plaintiff **CHARLES MOORE.**

21.   On or abut the time of Plaintiff's unlawful arrest criminal charges were brought against him and those same charges were later dismissed, but only after Plaintiff made appearance in court and was forced to retain a lawyer.

22.   At all times, the false, unlawful, and improper arrest and imprisonment of Plaintiff **CHARLES MOORE** was forcible and against his will.

23.   All of the foregoing occurred without fault or provocation on the part of Plaintiff **CHARLES MOORE.**

24.   As consequences of Defendants' wrongful actions, negligent behavior, and violation of New York and common laws, Plaintiff **CHARLES MOORE** was:

j)   deprived of his freedom;

k)   incarcerated and suffered for three (3) days;

l)   the subject of great fear, terror, personal humiliation, degradation, ridicule and disgrace;

m)   the subject to great physical, mental, and emotional distress, suffering and harm, resulting in the need to seek professional counseling for the trauma he incurred;

n)   prevented from attending to his necessary affairs in business during the period of his detention;

o)   permanently impaired as to his earning ability;

p)   required to incur substantial bills for legal services rendered, and was otherwise injured and damaged;

q)   discredited in the minds of many members of the community, having his personal reputation and character injured; and

r)   Plaintiff continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

25.     Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable and flagrant disregard of plaintiff's rights, privileges, welfare and well-being and were guilty of egregious and gross misconduct toward him.

26.     Plaintiff **CHARLES MOORE** made numerous appearances in court and was forced to retain a lawyer.  Plaintiff case was dismissed and all charges against Plaintiff were dismissed in the interest of justice.

27.     By reason of the foregoing, Plaintiff **CHARLES MOORE** sustained damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR VIOLATION OF HIS RIGHT TO BE FREE

**FROM UNREASONABLE SEARCHES AND SIEZURES**
**UNDER THE 4ᵗʰ AND 14ᵗʰ AMENDMENTS TO THE U.S. CONSTITUTION**

28.   Plaintiff **CHARLES MOORE** repeats and re-alleges each and every allegation set forth above with same force and effect as if set forth at length herein.

29.   With the employment of assault, excessive use of force, battery, and false arrest and imprisonment, Defendants, individually and/or vicariously, subjected Plaintiff **CHARLES MOORE**, a citizen of the United States, to deprivations of his rights, privileges and immunities secured by the Constitution of the United States. Plaintiff sustained deprivations of his personal liberty, invasions of his privacy, and violations of his civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in his person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of his character and reputation, was prevented from attending to his usual duties, all to his damage in the sum of $3,000,000.00 ( THREE MILLION DOLLARS) and exemplary damages in the punitive amount of $5,000,000.00 (FIVE MILLION DOLLARS).

**AS AND FOR A SECOND CAUSE OF ACTION**
**FOR THE VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE**
**FROM MALICOUS PROSECUTION**
**UNDER THE 4ᵗʰ AMENDMENT TO THE U.S. CONSTITUTION**

30.   Plaintiff repeats each and every allegation set forth above with the same force and effect as if set forth herein.

31.   Defendants instituted criminal process against Plaintiff **CHARLES MOORE** with malice:

b.   Defendants **NYC, PROSECUTOR JOHN DOE and** Defendant **P.O. JOHN DOE** played an active part in the initiation of the criminal proceedings.

32.     The charges were not based upon probable cause, that is, the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff **CHARLES MOORE** was guilty.

33.     The criminal proceeding terminated in favor of Plaintiff **CHARLES MOORE** when the court dismissed the charges.

34.     The aforementioned use of force caused immediate serious injury in the form of pain, suffering, shock, fright, humiliation, embarrassment and deprivation of Plaintiff's constitutional rights.

35.     As a result of the foregoing, Plaintiff has been damaged in the amount of $3,000,000.00 (THREE MILLION DOLLARS).

**AS AND FOR A THIRD CAUSE OF ACTION
FOR FAILURE TO INTERVENE
TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS**

36.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

37.     As a result of the above actions, Defendants **NYC and NYCDOC** individually, and/or vicariously, by and through its agents, servants and /or employees, particularly Defendants **P.O. JOHN DOE** and **PROSECUTOR JOHN DOE,** failed to intervene to prevent or end the unlawful conduct inflicted upon Plaintiff.

38.     As a result of the foregoing, Defendants **NYC** and **NYCDOC** individually and and/or vicariously by and through their agents servants and/or employees, Defendants **P.O. JOHN DOE** and **PROSECUTOR JOHN DOE,** displayed a deliberate indifference to Plaintiff's rights to be free from unreasonable searches and seizures and from the excessive use of force.

39.     As a result of the foregoing, Defendants **NYC** and **NYCDOC** individually and/or vicariously by and through their agents servants and/or employees, Defendants **P.O. JOHN DOE** and **PROSECUTOR JOHN DOE,** acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to Plaintiff's rights and physical well being.

40.     As a result of the foregoing, Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

41.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

42.     On or about April 28, 2006, Defendant **P.O. JOHN DOE** wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff **CHARLES MOORE**, depriving Plaintiff of his liberty.  Defendant's acts were committed under color of law.

43.     Plaintiff was aware of said confinement and did not consent to it.

44.     By reason of Defendant's actions, Plaintiff was deprived of his liberty and was otherwise greatly injured.

45.     Consequently, Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR AN FIFTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.  Plaintiffs repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

47. By assaulting the Plaintiff, Defendant **P.O. JOHN DOE** and **PROSECUTOR JOHN DOE** engaged in extreme and outrageous conduct that caused Plaintiff mental and emotional distress.

48. Consequently, Plaintiff **CHARLES MOORE** was damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

<u>**AS AND FOR A SIXTH CAUSE OF ACTION**</u>
<u>**FOR PUNITIVE DAMAGES**</u>

49. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs.

50. Defendants' acts were reckless, willful, outrageous and outside the bounds of conduct tolerated in a civil society.

51. Plaintiff **CHARLES MOORE** demands punitive damages in the amount of SIX MILLION ($6,000,000.00) DOLLARS.

<u>**AS AND FOR A SEVENTH CAUSE OF ACTION**</u>
<u>**AGAINST DEFENDANT PROSECUTOR JOHN DOE**</u>
<u>**FOR VIOLATING PLAINTIFF'S CIVIL RIGHTS**</u>

52. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

53. Defendant **PROSECUTOR JOHN DOE** committed the aforementioned acts under color of law, depriving Plaintiff **CHARLES MOORE** of rights secured by the Constitution and laws of the United States, including Plaintiffs' Fourth, Fifth and Sixth Amendment rights.

54. Defendant **PROSECUTOR JOHN DOE** unlawfully and improperly arrested Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving the Plaintiff of his liberty without due process of law and deprived Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

55. Consequently, Defendant **PROSECUTOR JOHN DOE** caused, permitted and allowed Plaintiff **CHARLES MOORE** to sustain damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

<u>**AS AND FOR A EIGHTH CAUSE OF ACTION**</u>
<u>**AGAINST DEFENDANT P.O. JOHN DOE**</u>
<u>**FOR VIOLATING PLAINTIFF'S CIVIL RIGHTS**</u>

56. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

57. Defendant **P.O. JOHN DOE** committed the aforementioned acts under color of law depriving Plaintiff **CHARLES MOORE** of rights secured by the Constitution and laws of the United States, including Plaintiffs' Fourth, Fifth and Sixth Amendment rights.

58. Defendant **P.O. JOHN DOE** unlawfully and improperly prosecuted Plaintiff **CHARLES MOORE**, used excessive force on Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving the Plaintiff of his liberty without due process of law and deprived Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

59. Consequently, Defendant **P.O. JOHN DOE** caused, permitted and allowed Plaintiff **CHARLES MOORE** to sustain damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff demands:

A.     Judgment awarding damages against each and every Defendant in the FIRST CAUSE and SECOND CAUSE OF ACTION in the sum of $3,000,000.00 (THREE MILLION DOLLARS) and exemplary damages in the punitive amount of $6,000,000.00 (SIX MILLION DOLLARS);

20

B.      Judgment against each and every Defendant on each individual cause of action in the SECOND through SIXTH CAUSES OF ACTION in the amount of THREE MILLION DOLLARS ($3,000,000.00).

C.      Judgment against Defendant **PROSECUTOR JOHN DOE** on the SEVENTH CAUSE OF ACTION in the amount of ($3,000,000.00) THREE MILLION DOLLARS;

D.      Judgment against Defendant **P.O. JOHN DOE** on the EIGHTH CAUSE OF ACTION in the amount of ($3,000,000.00) THREE MILLION DOLLARS;

E.      Interest, attorney fees, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

## PLAINTIFF GERALDINE MILLER'S CLAIM

1.      This is a civil litigation action seeking damages against each of the Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States, including Plaintiff's Fourth, Fifth and Sixth Amendment rights. On or about April 28, 2006, Defendants City of New York, New York City Department of Corrections, Prosecutor John Doe, and Police Officer John Doe, while acting in their capacities as officers of the City of New York, unlawfully and improperly arrested Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving Plaintiff of her liberty without due process of law and depriving Plaintiff of her rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for the violation of her civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988.  All causes of action not relying

21

exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

4.    The Plaintiff, **GERALDINE MILLER**, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

3.    At all times mentioned herein, Defendant **CITY OF NEW YORK  ("NYC")** was and still is a domestic municipal corporation, created, organized and existing under by virtue of the laws of the State o New York.

4.    At all times mentioned herein, Defendant **CITY OF NEW YORK DEPARTMENT OF CORRECTIONS ("NYCDOC"),** was and still is a municipal agency, created, organized and existing under by virtue of the laws of the State of New York.

5.    At all times mentioned herein, Defendant **PROSECUTOR JOHN DOE** was and still is a resident of the County of Kings, and State of New York.

6.    At all times mentioned herein, Defendant **P.O. JOHN DOE** was and still is a resident of County of Kings in the State of New York.

7.    At all times herein mentioned, Defendants **NYC, NYCDOC, PROSECUTOR JOHN DOE and** Defendant **P.O. JOHN DOE** stood in such a relationship with each other in providing law enforcement services as to make each liable for the acts and omissions of the others.

8.    Defendants **NYC** are vicariously liable for the acts of Defendants **PROSECUTOR JOHN DOE** and Defendant **P.O. JOHN DOE.**

10.    Defendants **NYCDOC** are vicariously liable for their acts.

10.    At all times herein mentioned, Defendant **P.O. JOHN DOE** was a police officer employed by the New York City Police Department, and at all times material to the complaint,

this Defendant acted toward Plaintiff **GERALDINE MILLER** under color of statues, ordinances, customs and usage of the State of New York, City of New York, County of New York and The New York City Police Department.

11.     This action is commenced within one (1) year and ninety (90) days from April 28, 2006, the date of the incident.

12.     Plaintiff sues all Defendants in their individual capacities.

13.     On our about April 28, 2006, sometime after 6:00 am, Plaintiff **GERALDINE MILLER** was sleeping at her residence located at 135 Richards Street, Apt. 4E, Brooklyn, New York 11231, when Defendant **NYPD** officers broke down the door and without permission of Plaintiff or any other home inhabitants entered the home. At no time was Plaintiff or anyone in her household told that there was a warrant giving the officers any authority to enter Plaintiff's home. When Plaintiff asked Defendant **NYPD** officers for an explanation of why they were at her home and what they wanted, she was told to "shut up." Plaintiff was then unexpectedly and forcefully, although she didn't resist, handcuffed and kept against her will, and not read her Miranda rights. Defendant **NYPD** officers proceeded to search Plaintiff's home and brought canine dog into the apartment. Thereafter, Plaintiff was arrested, taken from the scene of wrong charge, i.e. her home, in plain and public view, in broad daylight, to a police vehicle parked in front of her premises, then driven to One Police Plaza, and from there to jail on Pearl Street. Two days later, on April 30, 2006, Plaintiff was transported to Schermerhorn Street and told she was being charged with conspiracy.

14.     At this time or at any time, Plaintiff, **GERALDINE MILLER** was wrongfully, maliciously, unlawfully and unjustifiable held under arrest, deprived of her liberty, imprisoned, and falsely charged.

23

15. Defendants, their officers, agents, servants and/or employees were responsible for Plaintiff's arrest, detention and imprisonment during the period from April 28, 2006 to April 30, 2006.

16. Throughout the period of Plaintiff **GERALDINE MILLER's** imprisonment, Defendants, their officers, agents, servants and employees refused to give Plaintiff an opportunity to establish her innocence.

17. Defendant **P.O. JOHN DOE** intended to and did in fact confine Plaintiff, and physically prevented her from leaving his custody and kept her under his supervision without access to freedom, family and home.

18. Plaintiff **GERALDINE MILLER** was conscious of her unlawful arrest, detention and imprisonment and did not consent to the confinement.

19. At all times, the unlawful, wrongful and false arrest and imprisonment of Plaintiff was without right to privilege, unjustified, and without probable cause.

20. At no time did Defendants or their officers, agents, servants, employees, and/or departments have a warrant or other legal process for the arrest, detention or imprisonment of Plaintiff **GERALDINE MILLER.**

21. On or abut the time of Plaintiff's unlawful arrest criminal, charges were brought against her and those same charges were later dismissed.

22. At all times, the false, unlawful, and improper arrest and imprisonment of Plaintiff **GERALDINE MILLER** was forcible and against her will.

23. All of the foregoing occurred without fault or provocation on the part of Plaintiff **GERALDINE MILLER.**

24. As consequences of Defendants' wrongful actions, negligent behavior, and violation of New York and common laws, Plaintiff **GERALDINE MILLER** was:

a) deprived of her freedom;

b) incarcerated and suffered for three days;

c) the subject of great fear, terror, personal humiliation, degradation, ridicule and disgrace;

d) the subject to great physical, mental, and emotional distress, suffering and harm, resulting in the need to seek professional counseling for the trauma she incurred;

e) prevented from attending to her necessary affairs in business during the period of her detention;

f) permanently impaired as to her earning ability;

g) discredited in the minds of many members of the community, having her personal reputation and character injured; and

h) Plaintiff continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

25.     Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable and flagrant disregard of Plaintiff's rights, privileges, welfare and well-being and were guilty of egregious and gross misconduct toward her.

26.     Plaintiff case was dismissed and all charges against Plaintiff were dismissed in the interest of justice.

27.     By reason of the foregoing, Plaintiff **GERALDINE MILLER** sustained damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FOR VIOLATION OF HIS RIGHT TO BE FREE**
**FROM UNREASONABLE SEARCHES AND SIEZURES**
**UNDER THE 4th AND 14th AMENDMENTS TO THE U.S. CONSTITUTION**

28.     Plaintiff **GERALDINE MILLER** repeats and re-allege each and every allegation set forth above with same force and effect as if set forth at length herein.

29.     With the employment of assault, excessive use of force, battery, and false arrest and imprisonment, Defendants, individually and/or vicariously, subjected Plaintiff **GERALDINE MILLER**, a citizen of the United States, to deprivations of her rights, privileges and immunities secured by the Constitution of the United States. Plaintiff sustained deprivations of her personal liberty, invasions of her privacy, and violations of her civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in her person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of her character and reputation, was prevented from attending to her usual duties, all to her damage in the sum of $3,000,000.00 ( THREE MILLION DOLLARS) and exemplary damages in the punitive amount of $5,000,000.00 (FIVE MILLION DOLLARS).

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR THE VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE
### FROM MALICOUS PROSECUTION
### UNDER THE 4th AMENDMENT TO THE U.S. CONSTITUTION

30.   Plaintiff repeats each and every allegation set forth above with the same force and effect as if set forth herein.

31.   Defendants instituted criminal process against Plaintiff **GERALDINE MILLER** with malice:

c.  Defendants **NYC, PROSECUTOR JOHN DOE** and Defendant **P.O. JOHN DOE** played an active part in the initiation of the criminal proceedings.

32.   The charges were not based upon probable cause, that is, the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff **GERALDINE MILLER** was guilty.

33.   The criminal proceeding terminated in favor of Plaintiff **GERALDINE MILLER** when the court dismissed the charges.

34.   The aforementioned use of force caused immediate serious injury in the form of pain, suffering, shock, fright, humiliation, embarrassment and deprivation of Plaintiff's constitutional rights.

35.   As a result of the foregoing, Plaintiff has been damaged in the amount of $3,000,000.00 (THREE MILLION DOLLARS).

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR FAILURE TO INTERVENE**
**TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS**

36.   Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

37.   As a result of the above actions, defendants **NYC and NYCDOC** individually, and/or vicariously, by and through its agents, servants and /or employees, particularly Defendant **P.O. JOHN DOE** and **PROSECUTOR JOHN DOE,** failed to intervene to prevent or end the unlawful conduct inflicted upon Plaintiff.

38.   As a result of the foregoing, Defendants **NYC** and **NYCDOC** individually and and/or vicariously by and through their agents servants and/or employees, Defendant **P.O. JOHN DOE** and **PROSECUTOR JOHN DOE,** displayed a deliberate indifference to Plaintiff's rights to be free from unreasonable searches and seizures and from the excessive use of force.

39.   As a result of the foregoing, Defendants **NYC** and **NYCDOC** individually and/or vicariously by and through their agents servants and/or employees, Defendant **P.O. JOHN DOE** and **PROSECUTOR JOHN DOE,** acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to Plaintiff's rights and physical well being.

40.     As a result of the foregoing, Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR FALSE IMPRISONMENT

41.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

42.     On or about April 28, 2006, Defendant **P.O. JOHN DOE** wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff **GERALDINE MILLER**, depriving Plaintiff of her liberty.  Defendant's acts were committed under color of law.

43.     Plaintiff was aware of said confinement and did not consent to it.

44.     By reason of Defendants' actions, Plaintiff was deprived of her liberty and was otherwise greatly injured.

45.     Consequently, Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

### AS AND FOR AN FIFTH CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.  Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

47.  By assaulting the Plaintiffs, Defendants **P.O. JOHN DOE** and **PROSECUTOR JOHN DOE** engaged in extreme and outrageous conduct that caused Plaintiff mental and emotional distress.

48.     Consequently, Plaintiff **GERALDINE MILLER** was damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR PUNITIVE DAMAGES

49.   Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs.

50.   Defendants' acts were reckless, willful, outrageous and outside the bounds of conduct tolerated in a civil society.

51.   Plaintiff **GERALDINE MILLER** demands punitive damages in the amount of SIX MILLION ($6,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT PROSECUTOR JOHN DOE
## FOR VIOLATING PLAINTIFF'S CIVIL RIGHTS

52.   Plaintiffs repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

53.   Defendant **PROSECUTOR JOHN DOE** committed the aforementioned acts under color of law, depriving Plaintiff **GERALDINE MILLER** of rights secured by the Constitution and laws of the United States, including Plaintiffs' Fourth, Fifth and Sixth Amendment rights.

54.   Defendant **PROSECUTOR JOHN DOE** unlawfully and improperly arrested Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving the Plaintiff of her liberty without due process of law and deprived Plaintiff of her rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

55.   Consequently, Defendant **PROSECUTOR JOHN DOE** caused, permitted and allowed Plaintiff **GERALDINE MILLER** to sustain damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANT P.O. JOHN DOE
## FOR VIOLATING PLAINTIFF'S CIVIL RIGHTS

56. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

57. Defendant **P.O. JOHN DOE** committed the aforementioned acts under color of law depriving Plaintiff **GERALDINE MILLER** of rights secured by the Constitution and laws of the United States, including Plaintiffs' Fourth, Fifth and Sixth Amendment rights.

58. Defendant **P.O. JOHN DOE** unlawfully and improperly prosecuted Plaintiff **GERALDINE MILLER**, used excessive force on Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving the Plaintiff of her liberty without due process of law and deprived Plaintiff of her rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

59. Consequently, Defendant **P.O. JOHN DOE** caused, permitted and allowed Plaintiff **GERALDINE MILLER** to sustain damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.


**WHEREFORE**, Plaintiff **GERALDINE MILLER** demands:

A.     Judgment awarding damages against each and every Defendant in the FIRST CAUSE and SECOND CAUSE OF ACTION in the sum of $3,000,000.00 (THREE MILLION DOLLARS) and exemplary damages in the punitive amount of $6,000,000.00 (SIX MILLION DOLLARS);

B.     Judgment against each and every Defendant on each individual cause of action in the SECOND through SIXTH CAUSES OF ACTION in the amount of THREE MILLION DOLLARS ($3,000,000.00).

C.     Judgment against Defendant **PROSECUTOR JOHN DOE** on the SEVENTH CAUSE OF ACTION in the amount of ($3,000,000.00) THREE MILLION DOLLARS;

D.     Judgment against Defendant **P.O. JOHN DOE** on the EIGHTH CAUSE OF ACTION in the amount of ($3,000,000.00) THREE MILLION DOLLARS;

E.     Interest, attorney fees, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.


## PLAINTIFF KIMBERLY MCBRIDE's CLAIM

1.     This is a civil litigation action seeking damages against each of the Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States, including Plaintiff's Fourth, Fifth and Sixth Amendment rights. On or about April 28, 2006, Defendants City of New York, New York City Department of Corrections, Prosecutor John Doe, and Police Officer John Doe, while acting in their capacities as officers of the City of New York, unlawfully and improperly arrested Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving Plaintiff of her liberty without due process of law and depriving Plaintiff of herghts, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. Plaintiff seeks eclaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for the violation of their civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     The Plaintiff, KIMBERLY MCBRIDE, at all times herein mentioned was and still is a resident of County of Kings, State of New York.

3.     At all times mentioned herein, Defendant CITY OF NEW YORK  ("NYC") was and still is a domestic municipal corporation, created, organized and existing under by virtue of the laws of the State o New York.

4.     At all times mentioned herein, Defendant CITY OF NEW YORK DEPARTMENT OF CORRECTIONS ("NYCDOC"), was and still is a municipal agency, created, organized and existing under by virtue of the laws of the State of New York.

5.     At all times mentioned herein, Defendant PROSECUTOR JOHN DOE was and still is a resident of the County of Kings, and State of New York.

6.     At all times mentioned herein, P.O. JOHN DOE was and still is a resident of County of Kings, State of New York.

7.     At all times herein mentioned, Defendants NYC, NYCDOC, PROSECUTOR JOHN DOE, and P.O. JOHN DOE stood in such a relationship with each other in providing law enforcement services as to make each liable for the acts and omissions of the others.

8.     Defendants NYC are vicariously liable for the acts of defendants PROSECUTOR JOHN DOE and P.O. JOHN DOE.

11.     Defendants NYCDOC are vicariously liable for their acts.

10.     At all times herein mentioned, Defendant P.O. JOHN DOE was a police officer employed by the New York City Police Department, and at all times material to the complaint, this Defendant acted toward Plaintiff KIMBERLY MCBRIDE under color of statues, ordinances, customs and usage of the State of New York, City of New York, County of New York and The New York City Police Department.

11.     This action is commenced within one (1) year and ninety (90) days from April 28, 2006, the date of the incident.

12.   Plaintiff sues all Defendants in their individual capacities.

13.   On our about April 28, 2006, at approximately 6:25 p.m., while Plaintiff KIMBERLY MCBRIDE was at her residence located at 82 Dwight Street, Apt. 10G, Brooklyn, NY 11231, several unknown Defendant NYPD officers arrived at the residence and broke the door down. The officers grabbed Plaintiff KIMBERLY MCBRIDE and threw her on the couch located in her living room. Plaintiff KIMBERLY MCBRIDE was then stripped-searched by an unknown female NYPD officer. The unknown NYPD officers also arrested Plaintiff KIMBERLY MCBRIDE's son. At no time were Plaintiff KIMBERLY MCBRIDE or anyone in the household told that there was a warrant giving the officers any authority to enter Plaintiff's home. The Plaintiff was then unexpectedly and forcefully, although she did not resist, handcuffed and kept against her will. Plaintiff was not read her Miranda rights. Defendant NYPD officers proceeded then to search Plaintiff's home and brought canine dogs into the apartment. Thereafter, Plaintiff was arrested, taken from the scene of wrong charge, i.e. her home, in plain and public view, in broad daylight, to a police vehicle parked in front of her premises; then driven to One Police Plaza.

14.   At this time or at any time, Plaintiff KIMBERLY MCBRIDE was wrongfully, maliciously, unlawfully and unjustifiably held under arrest, deprived of her liberty, imprisoned, and falsely charged.

15.   Defendants, their officers, agents, servants and/or employees were responsible for Plaintiff's arrest, detention and imprisonment during five-day period from April 28, 2006, to May 3, 2006.

16.   Throughout the period of Plaintiff KIMBERLY MCBRIDE's imprisonment, Defendants, their officers, agents, servants and employees refused to give Plaintiff an opportunity to establish her innocence.

17. Defendant **P.O. JOHN DOE** intended to and did in fact confine Plaintiff, and physically prevented her from leaving his custody and kept her under his supervision without access to freedom, family and home.

18. Plaintiff **KIMBERLY MCBRIDE** was conscious of her unlawful arrest, detention and imprisonment and did not consent to the confinement.

19. At all times, the unlawful, wrongful and false arrest and imprisonment of Plaintiff was without right to privilege, unjustified, and without probable cause.

20. At no time did Defendants or their officers, agents, servants, employees, and/or departments have a warrant or other legal process for the arrest, detention or imprisonment of Plaintiff **KIMBERLY MCBRIDE.**

21. On or abut the time of Plaintiff's unlawful arrest criminal charges were brought against her and those same charges were later dismissed.

22. At all times, the false, unlawful, and improper arrest and imprisonment of Plaintiff **KIMBERLY MCBRIDE** was forcible and against her will.

23. All of the foregoing occurred without fault or provocation on the part of Plaintiff.

24. As consequences of Defendants' wrongful actions, negligent behavior, and violation of New York and common laws, Plaintiff **KIMBERLY MCBRIDE** was:

i) deprived of her freedom;

j) incarcerated and suffered for five days;

k) the subject of great fear, terror, personal humiliation, degradation, ridicule and disgrace;

l) the subject to great physical, mental, and emotional distress, suffering and harm, resulting in the need to seek professional counseling for the trauma she incurred;

m) prevented from attending to her necessary affairs in business during the period of her detention;

n) permanently impaired as to her earning ability;

o) discredited in the minds of many members of the community, having her personal

   reputation and character injured; and

p) Plaintiff continues to suffer pain and mental and emotional distress as a result of the

   aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

25.    Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful,

unreasonable, unconscionable and flagrant disregard of Plaintiff's rights, privileges, welfare and

well-being and were guilty of egregious and gross misconduct toward them.

26.    Plaintiff **KIMBERLY MCBRIDE's** case was dismissed and all charges against

Plaintiffs were dismissed in the interest of justice.

27.    By reason of the foregoing, Plaintiff **KIMBERLY MCBRIDE** sustained

damages in an amount that exceeds the jurisdictional limits of all lower courts that would

otherwise have jurisdiction.

**AS AND FOR A FIRST CAUSE OF ACTION
FOR VIOLATION OF HER RIGHT TO BE FREE
FROM UNREASONABLE SEARCHES AND SIEZURES
UNDER THE 4th AND 14th AMENDMENTS TO THE U.S. CONSTITUTION**

28.    Plaintiff **KIMBERLY MCBRIDE** repeat and re-allege each and every allegation set

forth above with same force and effect as if set forth at length herein.

29.     With the employment of assault, excessive use of force, battery, and false arrest and imprisonment, Defendants, individually and/or vicariously subjected Plaintiff **KIMBERLY MCBRIDE**, a citizen of the United States, to deprivations of her rights, privileges and immunities secured by the Constitution of the United States. Plaintiff sustained deprivations of her personal liberty, invasions of her privacy, and violations of her civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in her person and to be free from arrest, search and seizure except on probable cause or pursuant to a warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of her character and reputation, was prevented from attending to her usual duties, all to her damage in the sum of $3,000,000.00 ( THREE MILLION DOLLARS) and exemplary damages in the punitive amount of $5,000,000.00 (FIVE MILLION DOLLARS).

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR THE VIOLATION OF PLAINTIFF's RIGHT TO BE FREE
### FROM MALICOUS PROSECUTION
### UNDER THE 4th AMENDMENT TO THE U.S. CONSTITUTION

30.   Plaintiff repeats each and every allegation set forth above with the same force and effect as if set forth herein.

31.   Defendants instituted criminal process against Plaintiff **KIMBERLY MCBRIDE** with malice:

d.  Defendants **NYC, PROSECUTOR JOHN DOE and P.O. JOHN DOE** played an active part in the initiation of the criminal proceedings.

32.   The charges were not based upon probable cause, that is, the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff **KIMBERLY MCBRIDE** was guilty.

33.   The criminal proceeding terminated in favor of Plaintiff **KIMBERLY MCBRIDE** when the court dismissed the charges.

34.    The aforementioned use of force caused immediate serious injury in the form of pain, suffering, shock, fright, humiliation, embarrassment and deprivation of Plaintiff's constitutional rights.

35.    As a result of the foregoing, Plaintiff has been damaged in the amount of $3,000,000.00 (THREE MILLION DOLLARS).

<u>**AS AND FOR A THIRD CAUSE OF ACTION**</u>
<u>**FOR FAILURE TO INTERVENE**</u>
<u>**TO PREVENT THE VIOLATION OF PLAINTIFF's CIVIL RIGHTS**</u>

36.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

37.    As a result of the above actions, Defendants **NYC and NYCDOC** individually, and/or vicariously, by and through its agents, servants and /or employees, particularly **P.O. JOHN DOE** and **PROSECUTOR JOHN DOE** failed to intervene to prevent or end the unlawful conduct inflicted upon Plaintiff.

38.    As a result of the foregoing, Defendants **NYC** and **NYCDOC** individually and and/or vicariously by and through their agents servants and/or employees, **P.O. JOHN DOE and PROSECUTOR JOHN DOE,** displayed a deliberate indifference to Plaintiff's rights to be free from unreasonable searches and seizures and from the excessive use of force.

39.    As a result of the foregoing, Defendants **NYC** and **NYCDOC** individually and/or vicariously by and through their agents servants and/or employees, **P.O. JOHN DOE and PROSECUTOR JOHN DOE,** acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to Plaintiff's rights and physical well being.

40.    As a result of the foregoing, Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

41.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

42.    On or about April 28, 2006, Defendant **P.O. JOHN DOE** wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff **KIMBERLY MCBRIDE**, depriving Plaintiff of her liberty.  Defendant's acts were committed under color of law.

43.    Plaintiff was aware of said confinement and did not consent to it.

44.    By reason of Defendants' actions, Plaintiff was deprived of her liberty and was otherwise greatly injured.

45.    Consequently, Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR AN FIFTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.  Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

47.  By assaulting the Plaintiff, Defendants **P.O. JOHN DOE and PROSECUTOR JOHN DOE** engaged in an extreme and outrageous conduct that caused Plaintiff mental and emotional distress.

48.    Consequently, Plaintiff **KIMBERLY MCBRIDE** was damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR PUNITIVE DAMAGES

49.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs.

50.   Defendants' acts were reckless, willful, outrageous and outside the bounds of conduct tolerated in a civil society.

51.   Plaintiff **KIMBERLY MCBRIDE** demands punitive damages in the amount of SIX MILLION ($6,000,000.00) DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT PROSECUTOR JOHN DOE
### FOR VIOLATING PLAINTIFF's CIVIL RIGHTS

52.   Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

53.   Defendant **PROSECUTOR JOHN DOE** committed the aforementioned acts under color of law, depriving Plaintiff **KIMBERLY MCBRIDE** of rights secured by the Constitution and laws of the United States, including Plaintiffs' Fourth, Fifth and Sixth Amendment rights.

54.   Defendant **PROSECUTOR JOHN DOE** unlawfully and improperly arrested Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving the Plaintiff of her liberty without due process of law and deprived Plaintiff of her rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

55.   Consequently, Defendant **PROSECUTOR JOHN DOE** caused, permitted and allowed Plaintiff **KIMBERLY MCBRIDE** to sustain damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### AGAINST DEFENDANT P.O. JOHN DOE
### FOR VIOLATING PLAINTIFF's CIVIL RIGHTS

56.   Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

57. Defendant **P.O. JOHN DOE** committed the aforementioned acts under color of law depriving Plaintiff **KIMBERLY MCBRIDE** of rights secured by the Constitution and laws of the United States, including Plaintiff's Fourth, Fifth and Sixth Amendment rights.

58. Defendant **P.O. JOHN DOE** unlawfully and improperly prosecuted Plaintiff **KIMBERLY MCBRIDE**, used excessive force on Plaintiff, caused Plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested Plaintiff, thereby depriving the Plaintiff of her liberty without due process of law and deprived Plaintiff of her rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

59. Consequently, Defendant **P.O. JOHN DOE** caused, permitted and allowed Plaintiff **KIMBERLY MCBRIDE** to sustain damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff **KIMBERLY MCBRIDE** demands:

A.      Judgment awarding damages against each and every Defendant in the FIRST CAUSE and SECOND CAUSE OF ACTION in the sum of $3,000,000.00 (THREE MILLION DOLLARS) and exemplary damages in the punitive amount of $6,000,000.00 (SIX MILLION DOLLARS);

B.      Judgment against each and every Defendant on each individual cause of action in the SECOND through SIXTH CAUSES OF ACTION in the amount of THREE MILLION DOLLARS ($3,000,000.00).

C.      Judgment against Defendant **PROSECUTOR JOHN DOE** on the SEVENTH CAUSE OF ACTION in the amount of ($3,000,000.00) THREE MILLION DOLLARS;

D.      Judgment against Defendant **P.O. JOHN DOE** on the EIGHTH CAUSE OF ACTION in the amount of ($3,000,000.00) THREE MILLION DOLLARS;

E.      Interest, attorney fees, the costs and disbursements of this action, together with such other

and further relief as to this Court seems just and proper.

Dated :   April 6, 2009
          Brooklyn, NY

                                          Respectfully submitted,

                                          THE RAWLINS LAW FIRM, PLLC

                                          By: GARY N. RAWLINS
                                          *Attorney for Plaintiffs*
                                          80 Broad Street, 5th Floor
                                          New York, NY 10004
                                          Phone: (212) 926-0050
                                          Fax:    (212) 926-0059

To :   MICHAEL A. CARDOZO
       New York City Law Department
       100 Church Street
       New York, New York 10007

       New York City Department of Corrections          John Doe Police Officer 1 throug10
       60 Hudson Street                                 New York City Police Dep.
       New York, New York 10013                         1 Police plaza
                                                        New York, N Y

       New York City Department of Corrections
       PROSECUTOR JOHN DOE
       60 Hudson Street
       New York, New York 10013

       Detective Paul Strafaci                          P.O. Paul Farella
       New York Police Dpartment                        New York City Police Dep.
       76 Precinct                                      76 Precincts
       191 Union Street                                 191 Union Street
       Brooklyn, N Y 11231                              Brooklyn N Y 11231